Herbert J. Fabricant, Esq. General Counsel, Catskill Regional Off-Track Betting Corporation
This is in response to your letter of August 17, 1978, wherein you ask if the 1975 enabling legislation adopted by the Chenango County Board of Supervisors which authorized participation in the Central Region Off-Track Betting Corporation complies with § 8113 (2-a) of Unconsolidated Laws of the State of New York.
The facts pertinent to your inquiry may be summarized as follows. In 1975, Chenango County was listed as one of the counties of the Central Region in accordance with § 8063 of Unconsolidated Laws. Enabling legislation providing for participation in off-track pari-mutuel betting in the Central Region was adopted in 1975, but was not approved by referendum, as required by § 8113 (2-a) of Unconsolidated Laws, until November, 1976. In the interim period, however, the corporate existence of the Central Region was terminated in accordance with § 8113 (3) of Unconsolidated Laws because a certificate as required by § 8113 (2) of Unconsolidated Laws was not timely filed with the Secretary of State and with the State Racing and Wagering Board.
In 1978, following the termination of the corporate existence of the Central Region and the November 1976 referendum approval by the voters of Chenango County, the State Legislature amended § 8063 of Unconsolidated Laws so as to place Chenango County in the Catskill Region, a duly established Off-Track Betting Corporation. On the basis of the 1975 enabling legislation, the 1976 referendum and the subsequent filing of said enabling legislation, you ask whether Chenango County may assume participating status in the Catskill Region.
Unconsolidated Laws, § 8112 (11) defines the term "enabling legislation" as "a local law, ordinance or resolution subject to a permissive referendum pursuant to the municipal home rule law." The Chenango County Board of Supervisors adopted its resolution in 1975, but failed to submit it to a referendum until November, 1976. Thus, it was not until November, 1976, that the certificate required by Unconsolidated Laws, § 8113 (2), setting forth the date of the enabling legislation, the name of the region followed by the words "regional off-track betting corporation," and the names of the members of the board of directors and the chairman could have been filed.
Unconsolidated Laws, § 8113 (3), provides in part as follows:
 "If the certificate required by subdivision two is not filed by December thirty-first, nineteen hundred seventy-five, the corporate existence of a corporation shall terminate * * *"
By failing to file said certificate by December 31, 1975, the corporate existence of the Central Region terminated on that date. As such, the November, 1976, approval of the voters of Chenango County was thereby rendered meaningless and the subsequent filing of the enabling legislation did not establish participating status in the Catskill Region.
From all of the foregoing we conclude that the 1975 enabling legislation adopted by the Chenango County Board of Supervisors which authorized participation in the Central Region Off-Track Betting Corporation does not comply with § 8113 (2-a) of Unconsolidated Laws of the State of New York.